STATE, EX REL. JAMES C. BOLTON, v. PETER P. GOOD.

At an election for city officers, held in Plainfield, in December, 1878, the relator received twenty-six votes out of a poll of over eight hundred. The relator claims that there was a vacancy in the office of city judge, and that therefore he was duly elected, having received twenty-six of the twenty-nine votes cast for that office. There is a dispute as to whether the term of the incumbent, Good, had expired. A number of voters, including the officers of election, testify that they did not know that such an officer was voted for until the polls had closed and the votes were counted. *Held*—that votes cast in such a manner can confer no title to the office, and cannot entitle the relator to the interposition of this court in his attempt to obtain possession of it, or to displace the incumbent.

On application for leave to file an information in the nature of a *quo warranto*.

Argued at February Term, 1879, before Justices VAN SYCKEL, KNAPP and DIXON.

For the relator, *F. Bergen.*

For the defendant, *Suydam & Jackson.*

The opinion of the court was delivered by

VAN SYCKEL, J. The questions to be disposed of in this case arise upon an application by James C. Bolton for leave to file an information in the nature of a *quo warranto*, to try the right of Peter P. Good to the office of city judge of the city of Plainfield.

The relator claims, in the first place, that Good is not entitled to hold the office of city judge, because he has never been commissioned by the governor.

Our state constitution (art. VII., § 2, pl. 10,) provides that all civil officers, elected or appointed pursuant to the provision of this constitution, shall be commissioned by the governor;

and by placitum eleven the term of office of all officers elected or appointed pursuant to the provisions of this constitution, except when otherwise directed, shall commence on the day of the date of their respective commissions.

The defendant denies the right of the relator to challenge his title.

The granting of leave to file an information at the instance of a private relator, having no claim to the office, rests in the sound discretion of the court, even where a good objection to the title of the person whose right is called in question is shown. *State, ex rel. Mitchell,* v. *Tolan,* 4 *Vroom* 195.

To meet this difficulty, the relator sets up that Good's term of office expired in December, 1877 ; that no election for his successor was held until December, 1878 ; and that, at an election then held, the relator was duly elected for the term of three years.

By the provisions of the city charter, the term of office of the city judge is three years. In December, 1873, at the first election held for this office, Mr. Ackerman was elected for the term of three years. In September, 1874, Ackerman resigned, and, by virtue of the tenth section of the charter, Peter P. Good was appointed by the common council to fill the office until the then next annual election in December, 1874.

At the election in December, 1874, Good was elected, as he supposed, and as the common council supposed, for the unexpired term of Ackerman, which would have ended in December, 1876.

At the election in December, 1876, Good was again a candidate, and was elected for the term of three years, under which election he now claims the right to hold the office.

The relator insists that, in December, 1874, Good was elected for a full term, ending December, 1877, and that, consequently, the election in December, 1876, was a nullity, and that there has been a vacancy in the office from December, 1877, until December, 1878, at which latter date the relator claims that he was duly elected.

There was no resignation by Good prior to his election in December, 1876, and if there had been, there was no acceptance of it by competent authority. *State* v. *Ferguson*, 2 *Vroom.* 107.

In *People* v. *Coutant*, 11 *Wend.* 511, the question was whether Coutant was entitled to hold the office of register. He was in fact elected for the term of three years, but supposing he was elected only for an unexpired term, he was re-elected during the term of three years. The Court of Errors of New York held the re-election during the term for which he was entitled to hold under his first election, to be void. That a different rule might lead to abuse is manifest, for if his candidacy at the new election could be treated as a resignation, and his election by the people as an acceptance of it, he might seek what he deemed to be a favorable time for re-election, and if he failed he might deny that he had authorized the use of his name, or that he was bound by any supposed resignation. He would thus have the chance of unfairly lengthening his tenure of office.

But if it is conceded that Good's official term expired in December, 1877, the question remains whether the relator has shown any such title to the office as will induce this court to entertain his application.

The second section of the city charter requires that the annual election in and for said city shall be held on the first Tuesday in December of each and every year, and at such place or places as the common council shall direct or appoint, of which time and place or places the clerk of said city shall cause public notice to be given by advertisement, to be set up in at least five public places in said city, and published in two newspapers, at least ten days previous to the date of such election.

The notice given of the election in December, 1878, at which the relator claims he was elected, was that the annual charter election would be held on Tuesday, December 3d, 1878, for the election of a mayor, members of council, one assessor, one collector, one treasurer, two chosen freeholders,

two constables, two justices of the peace, one clerk and three judges of election for each district, and three commissioners of appeal.

No intimation was given in the notice that an election would be held for city judge, and the evidence shows very clearly that those who voted that day were not aware that such an officer was to be elected. Out of a poll of over eight hundred votes, only twenty-nine were cast for city judge, of which Bolton, the relator, received twenty-six. His name had been printed on a separate slip, and pasted on the regular printed ticket. Even the judge of election and the clerk, testify that they did not know that the relator or anyone else was running that day for city judge until the votes were being counted. The election officers properly refused to make any regular return of these votes. Votes cast in such a manner can confer no title to the office, and cannot entitle the relator to the interposition of this court in his attempt to obtain possession of it, or to displace the incumbent.

The application should be refused, with costs.